IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDMOND A. FREDERIQUE ALEXANDRE

Plaintiff

vs                                                    CIVIL 04-1035CCC

DEPARTMENT OF NATURAL AND
ENVIRONMENTAL RESOURCES OF THE
COMMONWEALTH OF PUERTO RICO;
NATURAL RESOURCES
ADMINISTRATION;
LUIS RODRIGUEZ-RIVERA and
FRANCIS NIEVES

Defendants

## OPINION AND ORDER

The action before us is brought pursuant to Title VII and §1983 of the Civil Rights Act
and Puerto Rico Law 426 of November 7, 2000, 1 L.P.R.A. §601, et seq.  Edmond A.
Frederique Alexandre, an employee of the Puerto Rico Department of Natural and
Environmental Resources (DNER) since 1992, where his most recent position has been that of
Technical Advisor/ Environmental Planner IV in the Natural Resources Administration (NRA),
a branch of the Department, alleges discrimination based on his national origin as a Haitian.
Defendants are the DNER, the NRA, Luis Rodríguez-Rivera (Rodríguez ), present Secretary of
the DNER and highest officer of the NRA, and Francis Nieves (Nieves) a labor relations
attorney employed by the DNER.  Plaintiff raises two different sets of factual circumstances in
the complaint  involving different players and time frames, to wit: (1) acts of discrimination and
harassment by his former supervisor, José González-Liboy (González-Liboy), from 1995
through 1999 when he left the agency, and (2) acts of retaliation against him by Nieves and
Rodríguez, who allegedly deprived him of several positions, including the only specific position
identified in the complaint, that of Director of Forest Services in November 2003, because of
his having previously filed an administrative claim.

The first set of facts, the González-Liboy discrimination/hostile environment claims, was
raised in an administrative charge filed on October 31, 2000.  The second set of facts, the

CIVIL 04-1035CCC                              2

retaliation claim consisting of his being rejected for positions due to his having filed the 2000 administrative charge before the ADU, is the subject of a pending charge filed before that same entity on December 18, 2003.

Plaintiff's complaint, on the first set for factual circumstances alleges acts of discrimination and harassment by former administrator of the NRA González-Liboy that created a hostile work environment dating back to mid-1995 and continuing until the year 1999 when González-Liboy left the agency.[1]  González-Liboy allegedly subjected Frederique to constant harassment in the form of derogatory comments and ridicule about his language, accent, culture and country.  Plaintiff also alleges that he was subjected to González-Liboy's offensive and ethnic jokes and contends that he was not assigned work despite continuous requests.[2]

Frederique states that he filed administrative charges with the Anti-discrimination Unit (ADU) and the Equal Employment Opportunity Commission (EEOC) at the end of 1996, but that González-Liboy threatened and cajoled him into withdrawing them.  Nonetheless, his discrimination toward the plaintiff allegedly continued until 1999.  Plaintiff filed a second administrative charge on October 31, 2000 based on González-Liboy's further acts of discrimination and harassment.

Plaintiff's next allegation that can be dated is an event occurring in January, 2001 when two individuals, not defendants in this case, called plaintiff's wife while he was in Haiti in order to tell her that her husband "should again desist from the administrative complaint."[3] Frederique further alleges that defendant Nieves advised him, on an unspecified date, that if he did not dismiss this second administrative complaint, it would go against his best interests and result in his not being able to have any further opportunities within the agency.  He contends

---

[1]Complaint ¶ 18.

[2]The allegations relating to González-Liboy and the period in which he harassed and discriminated against Frederique are contained in ¶¶ 10 through 20.

[3]Complaint at ¶ 21.

CIVIL 04-1035CCC                                3

that Nieves continued pressuring him to such an extent that he notified the EEOC of the situation in May, 2002.[4]  A Right-to-Sue letter was finally issued on October 23, 2003 based on the October 31, 2000 charge against González-Liboy.

Regarding his claim of retaliation, he avers that since 2001 he was sent to the Department of Agriculture "on loan," but that he continued to request several positions within the DNER.  He was not considered or was informed that he did not qualify for them when, in fact, he allegedly had all the necessary qualifications.  There are specific averments related to events occurring in November 2003, when Frederique was not chosen for the position of Forest Service Director.  He states that it was denied to him in retaliation for his having filed the second administrative claim dated October 31, 2000.  He avers that co-defendant "Francis participated in the decision to deny plaintiff this appointment" and that he "advised the present Secretary of the Department . . . Rodríguez . . ., of this situation but has not received an answer."[5]  He further alleges that " . . . Rodríguez . . . is the Department's nominating authority . . . [that] "[a]cting with the advice and counsel of co-defendant Francis, these defendant[s] have denied plaintiff access to promotions such as that of Forest Service Director, [and that] this constitutes retaliation for filing an administrative charge...."[6]  Plaintiff then filed his third administrative charge dated December 18, 2003, which is still pending before that agency, for alleged retaliation resulting from his filing the 2000 administrative claim.[7]

We initially note that defendants, in their answer to the complaint (docket entry 12) raised as an affirmative defense that the 2000 administrative claim was not timely filed.[8]  They

---

[4]Id. at ¶22.

[5]Complaint at ¶26.

[6]Id. at ¶28.

[7]Id. at ¶27.

[8]Answer to the complaint at 11:

27.  Plaintiff has failed to file an administrative complaint with the Equal Employment Commission (EEOC), within one hundred and eighty days (180) after the alleged unlawful employment practice occurred pursuant to 42 U.S.C. §2000-e5(1).

CIVIL 04-1035CCC                                        4

also filed a Motion to Dismiss (docket entry 4) on the matter, which the court denied when it received copies of the October 31, 2000 charge and Right-to-Sue letter, neither of which Frederique had previously produced.

The action is now before us on defendants' Motion for Partial Summary Judgment filed on January 15, 2005 (**docket entry 32**), which plaintiff opposed with a memorandum in support thereof (**docket entry 36**), and a statement of facts (**docket entry 37**).  He submitted exhibits, most of them in Spanish, in support of his opposition and filed a Motion Requesting Leave to File Spanish Language Documents and Time to Obtain Certified Translations (**docket entry 38**) on March 1, 2005.  Although he requested an extension of twenty days to file the English translations, that is, until March 21, 2005, six months have passed and he never filed them.  It is well settled in this District as well as the First Circuit that the statute requiring that federal litigation in Puerto Rico be conducted in English applies to the pre-trial process as well as trials.  42 U.S.C. §864; Estates-Negroni v. Associates Corporation of North America, 359 F.3d 1, 2 (1ˢᵗ Cir. 2004); see also, Torres-García v. Commonwealth of Puerto Rico, 2005 WL 1224638 (D.Puerto Rico 2005).  Therefore, for purposes of this motion, we shall consider the contents of any of plaintiff's Spanish language exhibits.  We consider the allegations of the complaint only to the extent that their truth can be supported through evidence in the record in English.

The motion for summary judgment is primarily based on facts supporting defendants' contention that the appointment of another candidate to the position of Forest Service Director was not an act of discrimination or retaliation against the plaintiff because the person designated was the best qualified candidate.  Defendants also contend that plaintiff does not waive a valid §1983 claim because he did not have a property interest in the Forest Service Director

---

28.  Plaintiff has failed to file a complaint at the Labor Department of the Commonwealth of Puerto Rico, {ADU] within one hundred and eighty days (180) after the alleged action occurred.

position, notwithstanding his unilateral expectancy of it, and that his due process rights were not violated.   Additionally, they argue that the individual defendants are not subject to liability under Title VII, a point which plaintiff concedes and also raise qualified immunity.

## TITLE VII CLAIMS BASED ON ACTS OF DISCRIMINATION AND HARASSMENT-HOSTILE WORK ENVIRONMENT

Title 42 U.S.C. §2000e5-(1) requires that a Title VII plaintiff file a charge with the EEOC either 180 or 300 days after "the alleged unlawful employment practice occurred." Puerto Rico is a "deferral" state and the administrative charges must therefore be filed within 300 days. Rivera v. Puerto Rico Aqueduct & Sewer Authority, 331 F.3d 183, 188 (1st Cir. 2003). We revisit the issue of the charge filing requirement of Title VII, despite our previous denial of the dismissal motion, which focused on the missing documents, since compliance is mandatory and the record reflects that the October 31, 2000 administrative charge was untimely submitted.

In National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061 (2002), the Court held "that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," and also held that "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purpose of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." Id. at 2068 (our emphasis.) As the Court observed in Morgan, the critical terms of the statutory text on the timeliness of the filing of the charge are the words "shall, after . . . occurred," and "unlawful employment practice." "'[S]hall' makes the act of filing a charge within the specified term mandatory. The mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion." Id. (citation omitted).

CIVIL 04-1035CCC                                6

        As noted in Morgan at page 2073, each incident of discrimination constitutes a separate
actionable "unlawful employment practice." Frederique could only include in his October 231,
2000 charge discrete acts of discrimination that occurred within the 300 days prior to its filing,
since only incidents that occurred within the timely filing period are actionable.

        "Hostile environment claims are different in kind from discrete acts." Id. However, in
order for Frederique to have an actionable hostile work environment claim, there must have
been "an act contributing to the claim [which] [occurred] within the filing period." Id. at
2074.

        Both Frederique's claim of incidents of discrimination by González-Liboy and his claim
of hostile work environment created by González-Liboy, which comprise the October 31, 2000
administrative charge, fail for the following reasons: (1) the discrete acts of discrimination by
González-Liboy all fall outside the statutory filing period; and (2) there is no act contributing
to the hostile work environment alleged created by González-Liboy's harassment which occurred
within the filing period.

        Turning to the events relevant to the filing requirement, we note that the complaint does
not state the exact date on which Gonzalez-Liboy left the agency. It states only that he left in
1999. Our exposition of the facts narrated in the complaint reflect all of the acts of
discrimination and the harassment that created the hostile work environment occurring from
mid-1995 through the date that González-Liboy left the agency some time in 1999are
attributed to him. In a best case scenario, based on plaintiff's own allegations, the acts of
discrimination and harassment by González-Liboy lasted only until December 31, 1999, his last
possible work day at the agency. The next act alleged, the January 2001 phone call mentioned
above, did not occur until after the 2000 administrative charge was filed, therefore, outside of
the 300-day statutory period. If we consider that Frederique had to file his administrative
charge no later than 300 days after the last unlawful employment practice and, further
considering that December 31, 1999 was the last possible date of González-Liboy's tenure at
the agency, Frederique's charge before the ADU had to be filed no later than Thursday,
October 26, 2000, the 300th day of that year. Plaintiff's ADU charge filed on Tuesday,
October 31, 2000 was late.

CIVIL 04-1035CCC                                    7

Plaintiff's retaliation claim is premature.  His second cause of action in the complaint before us avers that this 2003 charge based on retaliation is still before the administrative agencies and, as yet, no Right-to-Sue letter has been issued.

With regard to Frederique's claims under §§1983 and 1988, and his conclusory statements that his constitutional rights to due process, equal protection and free expression, guaranteed by the First, Fifth, and Fourteenth Amendment of the Constitution[9] have been violated, plaintiff avers no facts that constitute a civil rights claim under any section other than Title VII.

Plaintiff's claim under Puerto Rico Law 426, 1 L.P.R.A. §601, the Puerto Rico whistle-blower statute, also fails.  He does not aver or identifies any information or testimony that he has provided about alleged improper or illegal acts involving the use of public property or funds, which is the type of conduct protected under that statute.

For the above-stated reasons, we find that no viable federal claim exists on the basis of the allegations contained in this complaint, nor is there a claim stated under Puerto Rico Law 426.   Accordingly, the Motion for Partial Summary Judgment (**docket entry 32**) is GRANTED, and this action is DISMISSED in its entirety.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2005.


S/CARMEN CONSUELO CEREZO
United States District Judge

---

[9]Complaint at ¶35.